723 F.2d 911
 1983-2 Trade Cases 65,739
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert Rowe
v.
Amoco Oil Co.
 No. 82-1738.
 United States Court of Appeals, Sixth Circuit.
 Filed Nov. 8, 1983.
 
 Before KENNEDY and WELLFORD, Circuit Judges; WEICK, Senior Circuit Judge.
 
 Order
 
 1
 This case arose under the provisions of the Petroleum Marketing Practices Act (PMPA), 15 U.S.C. Sec. 2801-2805. The district court granted appellee-AMOCO's motion for summary judgment in this leasehold franchise dispute. The court concededly had jurisdiction pursuant to 15 U.S.C. Sec. 2805.
 
 The following facts were stipulated:
 
 2
 Plaintiff [ROWE] first leased the service station premises known as 15140 Greenfield, Detroit, Michigan, on or about September 6, 1972. On April 26, 1976, the parties entered into a written lease agreement for said premises for a period commencing on September 1, 1976 and expiring on August 31, 1981.
 
 
 3
 On July 19, 1979, plaintiff executed [a] Promissory Note, and plaintiff and defendant [AMOCO] executed [a] written agreement [on said date].
 
 
 4
 On July 31, 1979, plaintiff and defendant executed [a] cancellation agreement. At the time of the execution of the cancellation agreement, plaintiff was given a copy of said agreement and a copy of the Summary of Title I of the Petroleum Marketing Practices Act referred to therein.
 
 
 5
 Plaintiff did not give defendant any notice, written or otherwise, that he repudiated or revoked the cancellation agreement at any time prior to the commencement of this action.
 
 
 6
 On August 31, 1979, plaintiff delivered to defendant possession of the service station premises known as 15140 Greenfield, Detroit, Michigan.
 
 
 7
 It was also conceded that all of the documents involved were drafted by agents or employees of AMOCO.
 
 
 8
 The following facts were stipulated to during oral argument before the district court on August 25, 1982:
 
 
 9
 When ROWE vacated the premises on August 31, 1979, he surrendered possession of the premises to AMOCO and AMOCO entered into a new lease with a third-party, one William Gillespie, commencing September 1, 1979.
 
 
 10
 Mr. Gillespie had been an employee of AMOCO, and had, on August 14th, after the cancellation agreement had been executed by ROWE, applied to AMOCO to be a new dealer at the location, and was in fact given a lease for the location commencing on September 1, 1979.
 
 
 11
 When AMOCO entered into a new lease agreement on September 1st with Mr. Gillespie, ROWE sold certain equipment and merchandise to Mr. Gillespie, in the amount of approximately $22,000.00, and agreed that the purchase price be applied to ROWE's open account.
 
 
 12
 That Mr. Gillespie wrote and authorized three (3) Pickup Authorizations to Return Goods to AMOCO from ROWE, which were dated July 17, 1979, July 20, 1979, and August 28, 1979 respectively. The respective dollar amounts for the three (3) returns were $10,328.44, $5,020.88 and $5,789.57. Mr. Gillespie, under the reason for the returns, respectively listed "past due open account", "Dealers open account past due", and "as per John Menzloff."
 
 
 13
 We agree with the district court's finding that AMOCO was entitled to summary judgment under 15 U.S.C. Sec. 2802(b)(2)(D), which provides that a franchisor may terminate a franchise if:
 
 
 14
 (b)(1)(A) the notification requirements of Section 2804 of this title are met; and
 
 
 15
 (B) such termination is based upon a ground described in paragraph (2)....
 
 
 16
 (2) For purposes of this sub-section, the following are grounds for termination of a franchise or non-renewal of a franchise relationship:
 
 
 17
 * * *
 
 
 18
 * * *
 
 
 19
 (D) an agreement, in writing, between the franchisor and the franchisee to terminate the franchise or not to renew the franchise relationship, if--
 
 
 20
 (i) such agreement is entered into not more than 180 days prior to the date of such termination or, in the case of nonrenewal, not more than 180 days prior to the conclusion of the term, or the expiration date, stated in the franchise;
 
 
 21
 (ii) the franchisee is promptly provided with a copy of such agreement, together with the summary statement provided in section 2804(d) of this title; and
 
 
 22
 (iii) within 7 days after the date on which the franchisee is provided a copy of such agreement, the franchisee has not posted by certified mail a written notice to the franchisor repudiating such agreement.
 
 
 23
 There was no issue of fact but that all of the requirements of this Section were met.
 
 
 24
 Appellant's assertion on appeal that the violation of other sections of the PMPA precludes summary judgment is without merit. Section 2802(b)(2)(D) provides an independent basis for termination of a franchise; the termination grounds listed under 28 U.S.C. Sec. 2802(b)(2) are alternate ones. See, e.g., Brach v. Amoco Oil Co., 677 F.2d 1213, 1216 (7th Cir.1982); Iten Oil Co. v. Mobil Oil Corp., 527 F.Supp. 898, 900 (D.Mich.1981). AMOCO has met the requirements under Section 2802(b)(2)(D). We reject appellant's contention that the execution of the Promissory Note and Memo to File on July 19, 1979 constituted actual termination of the franchise agreement. The execution of the cancellation agreement between the parties on July 31, 1979 was notice of termination of appellant's franchise. The actual effective date of cancellation, August 31, 1979, constituted the termination date. Therefore, the agreement was not entered into more than 180 days prior to the actual termination date of August 31, 1979. As stipulated, appellant did not repudiate this cancellation agreement within seven days after receiving it. We agree with the finding of the district court that appellant can not avoid the impact of Sec. 2802(b)(2)(D) by asserting a claim of duress because of his failure to avail himself of the opportunity to repudiate and rescind the agreement within seven days after being furnished a copy.
 
 
 25
 AMOCO has also satisfied the following pertinent parts of the notice provision, 15 U.S.C. Sec. 2804, required under Sec. 2802(b)(1):
 
 
 26
 General requirements applicable to franchisor
 
 
 27
 (a) Prior to termination of any franchise or non-renewal of any franchise relationship, the franchisor shall furnish notification of such termination or such nonrenewal to the franchisee who is a party to such franchise or such franchise relationship--
 
 
 28
 (1) in the manner described in subsection (c) of this section; and
 
 
 29
 (2) except as provided in subsection (b) of this section, not less than 90 days prior to the date on which such termination or nonrenewal takes effect.
 
 
 30
 Additional requirements applicable to franchisor
 
 
 31
 (b)(1) In circumstances in which it would not be reasonable for the franchisor to furnish notification, not less than 90 days prior to the date on which termination or nonrenewal takes effect, as required by subsection (a)(2) of this section--
 
 
 32
 (A) such franchisor shall furnish notification to the franchisee affected thereby on the earliest date on which furnishing of such notification is reasonably practicable; and
 
 
 33
 (B) in the case of leased marketing premises, such franchisor--
 
 
 34
 (i) may not establish a new franchise relationship with respect to such premises before the expiration of the 30-day period which begins--
 
 
 35
 (I) on the date notification was posted or personally delivered, or
 
 
 36
 (II) if later, on the date on which such termination or nonrenewal takes effect; and
 
 
 37
 (ii) may, if permitted to do so by the franchise agreement, repossess such premises and, in circumstances under which it would be reasonable to do so, operate such premises through employees or agents....
 
 Manner and form of notification
 
 38
 (c) Notification under this section--
 
 
 39
 (1) shall be in writing;
 
 
 40
 (2) shall be posted by certified mail or personally delivered to the franchisee....
 
 
 41
 (emphasis added on pertinent subsections).
 
 
 42
 Written notice of cancellation was personally delivered to appellant, and AMOCO did not establish a new franchise relationship within the proscribed period. Appellant's argument on appeal that appellee did not comply with the provision set forth in 15 U.S.C. Sec. 2804(b)(1)(B)(i) is without merit. Appellee did not establish a new franchise relationship until September 1, 1979, when a new lease was executed governing the franchise relationship between AMOCO and a new franchisee; thus, the 30-day requirement was met.
 
 
 43
 For the foregoing reasons, it is hereby ordered that the judgment of the district court for AMOCO is affirmed.
 
 
 44
 Entered by Order of the Court, John P. Hehman, Clerk.